No. ——

First Circuit

SIADOUS v. THIBODEAUX

(June 7, 1927.  Opinion and Decree.)

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Appeal—Par. 625.— Evidence—Par. 349.**

Where the judgment of the lower court is based on a question of veracity as between the plaintiff and defendant, it being unlikely that the plaintiff would have worked for the defendant for nothing, the finding of the trial court being clearly correct is affirmed.

2. **Louisiana Digest—Prescription—Par. 89.**

Prescription of three years under Article 3538 of the Civil Code is applicable to salary of bookkeeper.

Appeal from the Parish of Acadia. Hon. W. W. Bailey, Judge.

Action by L. F. Siadous against Francois Thibodeaux.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

C. B. DeBellevue, of Crowley, attorney for plaintiff, appellee.

Gremillion & Smith, of Crowley, attorneys for defendant, appellant.

LECHE, J. The claim in this suit is for services as bookkeeper for the calendar years 1919 to 1924, inclusive, at $50.00 per year. The defense is a denial of the agreement under which the claim is made and a plea of prescription of three years.

Defendant is a farmer near Duson in the Parish of Acadia and owns a good deal of land which is cultivated by some 18 or 20 families who work on the tenant system. He first came into business contact with plaintiff, who is cashier of the local bank, about the spring of 1918. Defendant is illiterate and received a good deal of assistance from plaintiff, who negotiated loans for him, advised him and kept records of his business transactions. About this time, March, 1918, plaintiff procured a small ledger for defendant who reimbursed him the price of the book, and plaintiff offered to keep defendant's accounts with the tenants free of charge, in consideration of their friendship and of the fact that defendant was a good customer of the bank. This is admitted both by plaintiff and defendant.

About the latter part of the year 1918, plaintiff told defendant that the work involved in keeping these accounts had become very onerous and that he would continue to do the work provided defendant paid him fifty dollars per year. Plaintiff details the discussions about this new arrangement. Defendant at first thought this charge should be borne by his tenants, but finally agreed that he would pay plaintiff the small remuneration asked for the service. Plaintiff then says that during the succeeding years he several times hinted to defendant that he would like to get his pay but that defendant always postponed a settlement. He finally made a direct demand and defendant refused to comply with the agreement. The present suit was then filed in 1925.

Defendant denies that he ever agreed to pay plaintiff any salary whatever, though he admits that plaintiff did keep a record of his accounts. He claims that the services of plaintiff were rendered free, at plaintiff's own suggestion. He called his son and other members of his family and an employee to prove plaintiff's offer of free service. But all of these witnesses only know the offer made about March, 1918, a fact which is admitted by plaintiff.

In its final analysis the question is one of veracity between plaintiff and defendant as to the agreement made the latter part of 1918 or the beginning of 1919, for a salary of $50.00 per annum. The trial judge believed the testimony of plaintiff and no doubt considered it unlikely that plaintiff would have continued to do this work just for glory. We can discover no error in that finding.

The plea of three years' prescription as to the salary for the years 1919, 1920 and 1921 was properly maintained.

For these reasons the judgment on appeal is affirmed.